UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    -v-

NICOLAS EPSKAMP,

                 Defendant.

No. 12-cr-120 (RJS)
<u>ORDER</u>

---

<u>RICHARD J. SULLIVAN</u>, Circuit Judge:

Defendant Nicolas Epskamp requests a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic.  (Doc. Nos. 342, 348.)  For the reasons discussed below, Epskamp's motion is DENIED.

## I.   Background

On December 15, 2011, in the Dominican Republic, Epskamp and a co-conspirator boarded a private jet, which was registered in the United States and loaded with 1,000 kilograms of cocaine.  (Presentence Investigation Report ¶ 14.)  Local law enforcement officers, working with the United States Drug Enforcement Administration, arrested Epskamp shortly after boarding.  (*Id.* at ¶¶ 13–14.)

Following his extradition to the United States, Epskamp was charged with one count of conspiring to possess with intent to distribute more than five kilograms of cocaine on board an aircraft registered in the United States, and one count of possession with intent to distribute five kilograms or more of cocaine on board an aircraft registered in the United States, violations of 21 U.S.C. §§ 812, 959(b)(2), 960(a)(3), 960(b)(1)(B).  (Doc. No. 175.)  After a jury trial, Epskamp was convicted as charged on both counts.

At sentencing, the Court calculated a Sentencing Guidelines range of 235 to 293 months' imprisonment.  (Sentencing Tr. at 12, 26.)  In calculating the range, the Court specifically denied Epskamp's motion for a minor-role reduction, finding that he performed "an important service" in facilitating the international transfer of narcotics.  (*Id.* at 24–25.)  The Court underscored the "almost incalculable . . . harm" Epskamp's crime could wreak on families and individuals, and the fact that Epskamp conspired to distribute massive quantities of narcotics despite two prior convictions for drug-related offenses.  (*Id.* at 40–41.)  And while the Court carefully considered Epskamp's personal and family circumstances, it ultimately imposed twenty-two years' imprisonment (with credit for time served since his arrest in the Dominican Republic) in light of the seriousness of the offense, Epskamp's criminal history and important role in the conspiracy, and the need for specific and general deterrence.  (*See id.* at 40–43.)  Epskamp is currently incarcerated at Moshannon Valley Correctional Institution (Doc. No. 348), and is scheduled to be released on September 13, 2030 (Doc. No. 342).

On June 16, 2020, Epskamp filed a letter to the warden of his prison facility, requesting a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which was denied four days later. (*See* Doc. No. 342 at 3; Doc. No. 342-1.)  On November 6, 2020, Epskamp, through counsel, moved the Court to reduce his sentence because of the current COVID-19 pandemic, his preexisting ailments, and the prison lockdowns imposed in the wake of the pandemic.  (*See generally* Doc. No. 342.)  He further noted his family and community support, as well as his educational advancements and near-perfect prison record.  On November 20, 2020, the government filed its opposition to Epskamp's motion.  (Doc. No. 344.)  Although the government conceded that Epskamp's health conditions, combined with the pandemic, provide a compelling reason for early release, it argued that the sentencing factors in 18 U.S.C. § 3553(a)

weigh strongly against a sentencing reduction.  (*Id.* at 2.)  Epskamp filed a reply brief on December 1, 2020 (Doc. No. 347), and notified the Court on January 29, 2021 that he had contracted the coronavirus, was recovering, and had been moved out of the quarantine unit (Doc. No. 348).

## II.  Analysis

It is well-established that a court "may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Roberts*, No. 18-cr-528 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020).   Section 3582(c)(1)(A) provides one such exception, permitting a court to reduce a defendant's sentence where (1) "extraordinary and compelling reasons warrant such a reduction," and (2) such relief would be consistent with both the objectives of sentencing set forth in 18 U.S.C. § 3553(a) and "applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  A prisoner can bring a motion for this compassionate release once he has satisfied certain procedural requirements not at issue in this case.  *See id.*

Here, Epskamp argues that the COVID-19 pandemic, coupled with his age (69) and underlying health conditions, merits a sentencing reduction.  The Court disagrees.

The parties agree that Epskamp, who suffers from diabetes, borderline obesity, and latent tuberculosis, has an "extraordinary and compelling" reason for a reduced sentence, since these conditions increase the risk of severe illness from COVID-19.  *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html  (updated Dec. 29, 2020).  Nevertheless, Epskamp's recent submission indicates that he has already contracted and is well on the way to recovering from the coronavirus, which makes it unlikely that he would face the

virus again.  *See United States v. Parrello*, No. 16-cr-522 (RJS), 2021 WL 242426, at \*3 (S.D.N.Y. Jan. 25, 2021) (citing *Reinfection with COVID-19*, Ctrs. for Disease Control & Prevention,  https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html).    And while Epskamp points to "harsh lockdown conditions" as a further compelling reason for early release, he recognizes that these conditions are merely designed to protect inmates from the possibility of infection.  (Doc. No. 347 at 4.)

But even if Epskamp could establish a compelling and extraordinary reason for a sentencing reduction, countervailing factors nevertheless compel denial of Epskamp's motion here.  As noted above, before granting a motion for compassionate release, the Court must assess the § 3553(a) sentencing factors to determine "whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." *United States v. Ogarro*, No. 18-cr-373-9 (RJS), 2020 WL 5913312, at \*2 (S.D.N.Y. May 13, 2020) (quoting *United States v. Ebbers*, No. 02-cr-1144 (VEC), 2020 WL 91399, at \*7 (S.D.N.Y. Jan. 8, 2020)).   Those sentencing factors include (1) "the nature and circumstances of the offense," (2) "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a).

Here, the § 3553(a) factors compel the Court to deny Epskamp's motions.  As the Court emphasized at sentencing, "the harm caused by a metric ton of cocaine . . . is almost incalculable;" it "is about as serious [a] crime as one can confront."  (Sentencing Tr. at 40.) Epskamp himself rightly concedes that the "enormity" of the cocaine involved in his crime "takes the oxygen out of any mitigating argument."  (Doc. No. 342 at 14.)  The fact that his prior

4

sentences for two narcotics-related trafficking convictions did not deter him from returning to cocaine distribution further supports the need for a stiff sentence.  Simply put, a "third-time convicted felon, caught the last time in possession of a metric ton of cocaine, . . . should expect to spend decades in jail" – particularly where, as here, the defendant plays an "important" part in the scheme.  (Sentencing Tr. at 41.)  Anything less than the sentence originally imposed would undermine the important interests identified by the Court during the original sentencing proceeding.  (Sentencing Tr. at 40–41); *see also United States v. Sanchez*, No. 08-cr-789 (RJS), 2020 WL 4742916, at *3 (S.D.N.Y. June 17, 2020).  Accordingly, though the Court appreciates Epskamp's family and community support and congratulates him on his exemplary prison record, it nevertheless remains firmly convinced that twenty-two years is an appropriate sentence for the crimes for which Epskamp was convicted.

### III.  Conclusion

For the reasons set forth above, Epskamp's motion for compassionate release is DENIED, and the Clerk of Court is respectfully directed to terminate the entries pending at document numbers 342 and 348.

SO ORDERED.

Dated:        January 30, 2021
              New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation