UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

  -v-

NICOLAS EPSKAMP,

               Defendant.

No. 12-cr-120 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

      Defendant Nicolas Epskamp, who is serving a 264-month prison sentence for narcotics trafficking, moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). (Doc. No. 372 ("Mot.").)  For the following reasons, Epskamp's motion is DENIED.

**I.    Background**

      In 2011, the United States Drug Enforcement Administration began investigating an international drug-trafficking organization operating out of the Dominican Republic and other countries. (Doc. No. 203 ("PSR") ¶ 10.) During that investigation, agents intercepted various calls between Epskamp and others discussing plans to transport narcotics on an upcoming flight from the Dominican Republic to Belgium. (*Id.* ¶¶ 12–13.) On December 15, 2011, Epskamp was arrested in the Dominican Republic after he and a co-conspirator boarded a private jet that had approximately twenty pieces of luggage containing 1,000 kilograms of cocaine. (*Id.* ¶¶ 14–15.) Epskamp was ultimately charged with one count of possession with intent to distribute over five kilograms of cocaine on board a plane registered in the United States, in violation of 21 U.S.C. §§ 812, 959(b)(2), and 18 U.S.C. § 2, and one count of conspiracy to do the same, in violation of

21 U.S.C. §§ 812, 959(b)(2), and 960(a)(3). (*Id.* ¶¶ 2–3.) After a one-week trial in March 2015, the jury returned guilty verdicts on both counts. (*Id.* ¶ 5.)

At sentencing, the Court determined that Epskamp's base offense level was 38 given the amount of cocaine involved and that no further enhancements or reductions applied. (*See* Doc. No. 224 ("Sentencing Tr.") at 12, 16.) As for his criminal history score, the Court noted that Epskamp's three prior foreign convictions – one in Germany in 1998 for cocaine trafficking, one in the Netherlands in 2005 for trafficking chemicals used in the manufacture of MDMA, and one in Belgium for the same conduct underlying his conviction in the Netherlands (PSR ¶ 36; Sentencing Tr. at 25) – did not result in any criminal history points under U.S.S.G. § 4A1.2(h) (Sentencing Tr. at 25). The Court concluded that Epskamp's total offense level was 38 and his criminal history category was I, which resulted in an advisory Guidelines range of 235 to 293 months' imprisonment. (Sentencing Tr. at 26.)

The Court ultimately sentenced Epskamp to 264 months' imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a). (*Id.* at 44.) Epskamp appealed his conviction, which was then affirmed by the Second Circuit. *See United States v. Epskamp*, 832 F.3d 154, 170 (2d Cir. 2016). Epskamp later moved to vacate the conviction pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel (Doc. No. 269); the Court denied the motion without issuing a certificate of appealability, and the Second Circuit dismissed Epskamp's appeal from that order. *See Epskamp v. United States*, No. 19-289, 2019 WL 3492422, at *1 (2d Cir. July 22, 2019). Most recently, Epskamp moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) during the COVID-19 pandemic (Doc. No. 342), which was also denied. *See United States v. Epskamp*, No. 12-cr-120 (RJS), 2021 WL 326971, at *3 (S.D.N.Y. Feb. 1, 2021).

Epskamp now moves for a reduction of his sentence under section 3582(c)(2) and Amendment 821 to the Guidelines, which went into effect on November 1, 2023 and applies retroactively. As relevant here, Amendment 821 permits a sentencing judge to apply a two-level downward adjustment to a defendant's offense level where the defendant had no criminal history points at the time of sentencing and his crime did not involve any of the specified aggravating factors set forth in U.S.S.G. § 4C1.1(a).

## II.    Discussion

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a court may grant a defendant's motion for a sentence reduction if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* § 3582(c)(2). If a court finds that a defendant is eligible for such a sentence reduction, "a court may reduce the sentence after considering the applicable factors under [section] 3553(a), but may do so only if the reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Brooks*, 891 F.3d 432, 435 (2d Cir. 2018) (internal quotation marks omitted).

Here, the Court finds, and the government does not dispute, that Epskamp is eligible for a two-level reduction under Amendment 821 (*see* Doc. No. 376 ("Gov't Ltr.") at 2), which would have the effect of lowering Epskamp's Guidelines range from 235 to 293 months' imprisonment to 188 to 235 months' imprisonment. *See* U.S.S.G. § 4C1.1(a). Because he received no criminal history points for his foreign convictions, Epskamp is technically a zero-point offender under the Guidelines. Further, none of the specified exclusionary factors apply. *See id.* Nevertheless, the Court concludes that a reduction in Epskamp's sentence is not warranted after consideration of the section 3553(a) factors.

3

As the Court previously emphasized at sentencing (*see* Sentencing Tr. at 40:12–22), and in its order denying Epskamp's motion for compassionate release, *see Epskamp*, 2021 WL 326971 at *2, Epskamp's narcotics trafficking was extraordinarily serious. Put simply, Epskamp attempted to import a "metric ton of cocaine worth tens of millions of dollars," with potential harms that were "almost incalculable in terms of . . . lives destroyed [by] . . . drug overdoses" and "lives diminished by crippling drug addictions." (Sentencing Tr. at 40:12–22.) To make matters worse, Epskamp was wholly undeterred by his prior foreign convictions for trafficking similarly large quantities of narcotics, even though he had previously served significant terms of incarceration. (*See id.* at 41:1–5.) And because foreign convictions are not counted under the Guidelines, both the original Guidelines range and the amended Guidelines range understate Epskamp's prior criminal history and moral culpability for what amounts to his third foray into international narcotics trafficking. For these reasons, the Court remains convinced that the sentence originally imposed is still necessary to reflect the seriousness of Epskamp's offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence under section 3553(a). *See United States v. Rolle*, No. 20-cr-594 (AT), 2024 WL 1704969, at *2–3 (S.D.N.Y. Apr. 19, 2024) (denying Amendment 821 motion by "zero-point offender" who had a prior foreign conviction after consideration of the section 3553(a) factors).[1]

The Court is mindful of Epskamp's advanced age and accompanying health conditions, as well as the severe prison conditions that he and others experienced during the COVID-19

---

[1] Epskamp makes much of the fact that he was previously sentenced "in the exact middle of the applicable guideline range." (Mot. at 3.) In response, the government has indicated that it "does not object to the Court . . . reducing [Epskamp]'s sentence to a sentence within the new Guidelines range." (Gov't Ltr. at 3.) But the Guidelines range is merely the starting point in a court's sentencing determination, and the Court made clear at sentencing and in considering Epskamp's motion for compassionate release that the 264-month sentence was based on an assessment of all the objectives of sentencing listed in section 3553(a).

pandemic. The Court has also read the letters filed on his behalf and understands full well the hardships resulting from his separation from family. The Court also commends Epskamp for engaging in productive activities while in prison and encourages him to continue maintaining his relationships and taking positive steps towards rehabilitation. But these considerations pale in comparison to the enormous harms associated with his crimes and Epskamp's heightened culpability in light of his serious (and uncounted) criminal history. For these reasons, the Court concludes that a 264-month sentence remains sufficient but not greater than necessary to accomplish the purposes of sentencing set forth in section 3553(a). *See United States v. Shields*, No. 22-cr-28 (SVN), 2024 WL 1932704, at *3 (D. Conn. May 1, 2024) (denying Amendment 821 motion because "the [s]ection 3553(a) factors continue to support the original . . . sentence" while acknowledging the defendant's "notable family support").[2] Put simply, the Court finds that any reduction in Epskamp's sentence would be inconsistent with the objectives of sentencing set forth in section 3553(a).

**III.   Conclusion**

For the reasons set forth above, Epskamp's motion for a reduction in sentence is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 372.

SO ORDERED.
Dated:      June 20, 2025
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[2] The Court is also unpersuaded that a sentence reduction is warranted because Epskamp may be ineligible for earned time credit under 18 U.S.C. § 3632(d)(4)(E) or may serve additional time in immigration custody before his eventual deportation. (*See* Mot. at 3–4.)